■ In the Matter of SUSAN B.— Order unanimously affirmed. Memorandum: This appeal presents a serious social problem, which is one of the most difficult daily confronting our Family Courts. Here a conscientious, concerned Judge and an assigned earnest, capable Law Guardian have devoted many hearings and have given maximum effort to reach a disposition which will be in the best interests of this 15-year-old girl who all agree, and the record amply demonstrates beyond a reasonable doubt, is a person desperately in need of supervision. Susan is a bright girl, with an acknowledged understanding of the error of her ways, but with no apparent desire, motivation or determination to change her incorrigible conduct. Placement in five private and public treatment centers has failed to induce her to make any serious commitment to change her antisocial behavior. All agencies which have had custody of Susan, except the Hudson School for Girls, have informed the Family Court that their experiences with Susan have demonstrated that they are not the appropriate places for her placement. All witnesses, which include psychiatrists, psychologists, probation officers and social case workers, are agreed that Susan should not be permitted to remain at home or in the community. She has refused to attend school, has physically struck a teacher and when released on probation has stayed away from home and has lived with persons under conditions which have had a deleterious effect on her morals. The wisdom of the decision in

*Matter of Ellery C.* (32 N Y 2d 588) is particularly evident in the instant case: Commingling this child with juvenile delinquents, now that she has reached 16 years of age, would inevitably change her status from a PINS to a delinquent. We are impressed from the detailed description of the Hudson School for Girls, which is an appendix to the County Attorney's and *amicus* briefs, that a substantial and earnest effort has now been made, and is continuing, at Hudson to assume the responsibility for treatment and care of PINS and that Hudson meets the guidelines enunciated in *Ellery C.* The semiautonomous cottage program, the group counseling and therapy, the educational program which includes vocational training assistance, the implementation of an extensive and innovative program of juvenile rights, with the availability of an ombudsman, the presence on the staff of a psychiatrist and psychologist and many other helpful programs impress us as a genuine and sincere effort at Hudson to help youngsters such as Susan. Appellant reached her sixteenth birthday last March. The Law Guardian in his fine brief urges that continuation of placement, supervision and treatment of a PINS after the age of 16 years is a violation of due process and the equal protection guarantees of the Federal and State Constitutions. We do not agree that *Matter of Patricia A.* (31 N Y 2d 83), cited by the Law Guardian, is authority for his claim of unconstitutionality. That case dealt with sex discrimination and the Court of Appeals there held that differential treatment based on sex, as provided in subdivision (b) of section 712 of the Family Court Act, was unconstitutional. The court further determined, however, that the PINS statute was not unconstitutionally vague. Subdivision (b) of section 756 of the Family Court Act provides that initial placement shall be for a period of 18 months and subdivision (c) provides for extension of placement for additional periods of one year. Thus, it is clear that the intention of the Legislature in the enactment of section 756 was to continue supervision and placement of PINS beyond the sixteenth birthday. To hold otherwise would seriously hamper and prevent meaningful assistance to a PINS upon reaching 16 years of age. No decision can be made in the placement of a child with Susan's problems with the assurance that one has found the best or even an adequate solution. We concur, however, with Family Court's decision that the Hudson School for Girls is the best available resource for the placement of Susan. The court expresses its appreciation to Law Guardian James C. Haberson, Jr., for the dedicated services he has rendered in this matter. (Appeal from order of Jefferson County Family Court.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.